

# Notice of Service of Process

**CHS / ALL**
**Transmittal Number: 23165621**
**Date Processed: 05/07/2021**

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreen Co. |
| **Title of Action:** | Evelyn Maus vs. Walgreen Co. |
| **Matter Name/ID:** | Evelyn Maus vs. Walgreen Co. (11210302) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Williamson County District Court, TX |
| **Case/Reference No:** | 21-0623-C26 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/06/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | John Prudhomme<br>512-371-6101 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT B**

# CITATION
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
### NO. 21-0623-C26

Delivered
05/06/2021
By PW/20PS

**EVELYN MAUS VS. WALGREEN CO.**

TO: Walgreen Co.
211 E. 7th Street,
Ste. 620
Austin, TX 78701

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION in the above styled and numbered cause, which was filed on the 30th day of April, 2021 in the 26th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 3rd day of May, 2021.

ADDRESS OF LEAD ATTORNEY FOR
PETITIONER:
John Prudhomme
5300 Bee Cave Road,
Building 1, Suite 240
Austin, TX 78746

*Lisa David, District Clerk*
PO Box 24, Georgetown, TX 78627
Williamson County, Texas
(512) 943-1212



BY: *Rebecca Edgar*
Rebecca Edgar, Deputy

---

### RETURN OF SERVICE

Came to hand on the ____ day of _____,20___,at _____ o'clock __M. and executed at _____, within the County of _____, Texas, at _____ o'clock __M. on the _____ day of _____, 20___, by delivering to the within named _____, in person a true copy of this citation, with a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION attached thereto, having first endorsed on such copy of citation the date of delivery.
* *NOT EXECUTED*, the diligence used to execute being *(show manner of delivery)* _____; for the following reason _____,
the defendant may be found at _____.
*Strike if not applicable.*
**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY** _____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE   BY: _____ DEPUTY
**FEE FOR SERVICE OF CITATION : $** _____

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
My name is _____, my date of birth is _____, and my address is
Please print.    (First, Middle, Last)
_____ (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20___.

Declarant/Authorized Process Server                              ID # & expiration of certification

**EXHIBIT B**

## WILLIAMSON COUNTY LOCAL RULES

C. PRE-TRIAL PROCEDURES

C-2 SCHEDULING. At the time of filing in each non-family civil case, the Clerk will provide the plaintiff a copy of the following rules relating to pre-trial scheduling to be served with the petition. They are as follows:

a) Any additional parties to be joined within 90 days from the date answered filed.

b) Plaintiff's expert witnesses to be designated within 120 days from the date answer is filed. Defendant's expert witnesses shall be designated within 150 days from the date answer is filed.

c) Discovery shall be completed within 180 days from the date answer is filed.

d) Motions for summary judgment to be filed within 210 days from the date answer is filed.

e) A settlement conference must be held with the two parties present within 250 days from the date of answer.

f) A pre-trial statement setting forth unresolved issues, proposed jury charges, and stipulations and all matters to be considered in Rule 166 pre-trial conference shall be filed no later than 270 days from the date of answer. If the parties are unable to agree on a joint pre-trial statement then separate submission is required.

*NOTE A copy of this rule will be attached to citations issued by the Clerk.

**EXHIBIT B**

Filed: 4/30/2021 4:16 PM
Lisa David, District Clerk
Williamson County, Texas
Michele Rodriguez

CAUSE NO. 21-0623-C26 _____

| | | |
|---|---|---|
| EVELYN MAUS, <br> Plaintiff, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT <br> Williamson County - 26th Judicial District Court <br><br> \_\_\_\_ JUDICIAL DISTRICT <br><br><br> WILLIAMSON COUNTY, TEXAS |
| VS. | | |
| WALGREEN CO., <br> Defendant. | | |

### PLAINTIFF'S ORIGINAL PETITION

COME NOW, Evelyn Maus, Plaintiff in the above-numbered and styled cause, complaining of Walgreen Co.., Defendants in the above referenced cause, and for cause of action shows:

### I. Discovery Control Plan

Pursuant to Texas Rules of Civil Procedure 190, Plaintiff intends to conduct discovery under Level 2.

### II. Parties

Plaintiff Evelyn Maus is an individual resident of Texas.

Defendant Walgreen Co. may be served with process through its registered agent, Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III. Jurisdiction & Venue

This Court has jurisdiction over the parties and the subject matter in controversy. The Court has further jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(1) & 15.032. The events making the basis of this lawsuit occurred in Williamson County, Texas.

### IV. Facts

On May 15, 2019, Plaintiff Evelyn Maus was shopping at Walgreens located at 1220 W. University Ave., Georgetown, Texas, a premises operated and controlled by Defendant. As she approached the exit of the store, she stepped on a slippery object on the floor of the store causing her to trip and fall. The dangerous condition on the premises causing Plaintiff's fall resulting in her violently striking the ground and suffering serious injuries.

### V. Negligence

At the time of the incident, Defendant acted negligently. The injuries that make the basis of Plaintiff's claim occurred while she was an invitee on Defendant's premises. Defendant knew, or must have known about the dangerous condition.

Defendant had a duty to exercise ordinary care and act in a reasonable and prudent manner. Defendant breached that duty in the following ways:

a. Failing to exercise reasonable care to reduce or eliminate a dangerous condition;

b. Failing to properly maintain the premises up to standard;

c. Failing to provide a safe environment for its invitees; and,

d. Failing to adequately warn invitees of dangerous conditions.

Each and every one of the foregoing acts and omissions, singularly or in combination with others, constituted negligence, and were the direct and proximate cause of the incident made the basis of this lawsuit and of Plaintiff's resulting bodily injuries, and consequential damages for which Defendant is liable, and which exceed the minimum jurisdictional limits of this Court.

### VI. Damages

Defendant's acts and omissions were each a proximate cause of the collision. As a result, Plaintiff has suffered damages, including the following:

**EXHIBIT B**

  a. Medical expenses in the past;

  b. Lost earning capacity in the past and future;

  c. Physical pain and suffering in the past and future;

  d. Mental anguish in the past and future;

  e. Physical impairment in the past and future;

  f. Medical expenses that will be incurred in the future within a reasonable degree of medical probability.

Accordingly, Plaintiff has suffered injuries and damages in an amount within the Court's jurisdictional limits, for which Plaintiff now sues. In accordance with the technical pleading requirement of Texas Rule of Civil Procedure 47(c), Plaintiff states that, at the time of the filing of this *Original Petition*, she seeks only monetary relief between $250,000 and $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff believes that the amount of damages in this case is best left to the discretion of the jury after all of the evidence is presented at trial. Plaintiff reserves the right granted to her under the Texas Rules of Civil Procedure to increase or decrease the maximum amount of damages sought to conform to information obtained through discovery in this case, the evidence presented at trial, or the verdict of the jury.

### VII. Prayer

For the foregoing reasons, Plaintiff asks that Defendant be cited to appear and answer and that Plaintiff has judgment against Defendant for:

a. Actual damages within the jurisdictional limit of this court;

b. Pre-judgment and post-judgment interest as allowed by law;

c. Costs of suit; and,

d. All other relief the court deems appropriate.

Plaintiff's Original Petition

**EXHIBIT B**

Respectfully submitted,

THE CAGLE LAW FIRM, P.C.

5300 Bee Cave Road
Building 1, Suite 240
Austin, Texas 78746
(512) 371-6101
(512) 537-0002 (FAX)


*/s/ John Prudhomme*
JOHN PRUDHOMME
State Bar No.  24079163
jprudhomme@caglefirm.com
**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Original Petition

**EXHIBIT B**